1  David J. Dow, Bar No. 179407
   ddow@littler.com
2  Jocelyn D. Hannah, Bar No. 224666
   jhannah@littler.com
3  LITTLER MENDELSON, P.C.
   501 W. Broadway, Suite 900
4  San Diego, California  92101.3577
   Telephone:  619.232.0441
5  Fax No.:     619.232.4302

6  Attorneys for Defendant
   FIRST STUDENT, INC.

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11 GERMAINE SCOTT and SPYNSIR          Case No. _____
   TUCKER, for themselves, all other
12 similarly-situated individuals, and the   (Removed from San Francisco
   general public,                     Superior Court, Case No. CGC-22-
13                                       600961)
                Plaintiffs,
14                                       **DEFENDANT'S NOTICE TO
        v.                               FEDERAL COURT OF REMOVAL
15                                       OF CIVIL ACTION PURSUANT
   FIRST STUDENT, INC.,                  TO 28 U.S.C. §§ 1332, 1441, AND
16                                       1446**
                Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL TO FEDERAL
COURT

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant First Student, Inc. ("Defendant") hereby files this Notice of Removal in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, and removes this action from the Superior Court for the State of California, in and for the County of San Francisco, to the United States District Court for the Northern District of California. A true and correct copy of this Notice will be filed contemporaneously with the Clerk of the Superior Court for the State of California, County of San Francisco, and notice of the removal will be provided to counsel for Plaintiff in accordance with 28 U.S.C. § 1446(d). Defendant makes the following allegations in support of its Notice of Removal:

## I.    JURISDICTION

1.    This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States District Courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. section 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

## II.    VENUE

2.    Plaintiff originally brought this action in the Superior Court of the State of California, County of San Francisco. Therefore, venue lies in the Northern District of California pursuant to 28 U.S.C. sections 84(a), 1441(a), and 1446(a).

/ / /

/ / /

III.    **DIVISIONAL ASSIGNMENT**

3.      Pursuant to Northern District Civil Local Rules 3-2(c), 3-2(d), and 3-5(b), all civil actions that arise in the County of San Francisco shall be assigned to the San Francisco Division or to the Oakland Division.

IV.    **PLEADINGS, PROCESSES, AND ORDERS**

4.      On July 28, 2022, Plaintiff filed an unverified Class Action Complaint against Defendant in the San Francisco County Superior Court entitled *GERMAINE SCOTT and SPYNSIR TUCKER, for themselves, all other similarly-situated individuals, and the general public, Plaintiffs, v. FIRST STUDENT, INC., Defendant*, designated as Case No. CGC-22-600961 (the "Complaint").

5.      The Complaint asserts the following causes of action: (a) Rest Period Violations under the California Labor Code; (b) Failure to Pay Minimum Wages in Violation of the California Labor Code; (c) Failure to Provide Accurate Wage Statements in Violation of the California Labor Code; (d) Failure to Timely Pay All Wages Due and Owing in Violation of the California Labor Code; (e) Unfair Business Practices; and (f) Private Attorneys General Act Violations.  The allegations in the Complaint are incorporated into this Notice of Removal by reference without admitting the truth of any of them.

6.      On August 5, 2022, Defendant was served a copy of: (a) a Summons; (b) the Complaint; (c) a Civil Case Cover Sheet; (d) a Notice to Plaintiff re: Case Management Conference; (e) an Alternative Dispute Resolution (ADR) Information Packet, through Defendant's registered agent for service of process, C T Corporation System.

7.      Attached hereto as **Exhibit A** is a true and correct copy of the Complaint filed in the San Francisco County Superior Court and served by Plaintiff through C T Corporation System.

8.      Attached hereto as **Exhibit B** are true and correct copies of the Summons, Civil Case Cover Sheet, Notice to Plaintiff re: Case Management Conference, and

Alternative Dispute Resolution (ADR) Information Packet, served on Defendant through C T Corporation System. Also included in Exhibit B is an additional document reflected on and downloaded from the San Francisco Superior Court website, the Proof of Service of the Summons and Complaint.

9.    On September 2, 2022, Defendant filed and served an Answer to Plaintiff's Complaint in the San Francisco County Superior Court.  Attached hereto as **Exhibit C** is a true and correct copy of Defendant's Answer.

10.    To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the San Francisco County Superior Court or served by any party other than as described above.  To Defendant's knowledge, no proceedings related hereto have been heard in the San Francisco County Superior Court.

## V.    TIMELINESS OF REMOVAL

11.    An action may be removed from state court by filing a notice of removal – together  with a copy of all process, pleadings, and orders served on the defendant – within thirty days of defendant receiving service of the initial pleading.  28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the thirty-day removal period runs from the service of the summons and complaint).

12.    Removal of this action is timely because this Notice of Removal has been filed within thirty days of August 5, 2022, when Defendant was served with the Summons and Complaint.  *See* 28 U.S.C. § 1446(b). Because Plaintiff personally served the Summons and Complaint upon Defendant's agent for service of process on August 5, 2022, the thirty-day period for removal runs through September 6, 2022.  Fed. R. Civ. P. 6 (extending deadline that otherwise falls on a weekend or holiday to the next day). As referenced above, this Notice of Removal also contains all process, pleadings, and orders that were served on Defendant.  (*See* Exhibits A-C.)

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

4

NOTICE OF REMOVAL TO FEDERAL
COURT

## VI.   CAFA JURISDICTION

13.   CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, where there are at least 100 putative class members, and where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d).  CAFA authorizes removal of such actions in accordance with 28 U.S.C. section 1446.  As set forth below, this case meets each CAFA requirement for removal, and is properly removed by the filing of this Notice of Removal.

### A.    This is a Class Action.

14.   Plaintiff filed this action as a class action.  (Complaint, ¶¶ 25-28.)

### B.    The Proposed Class Contains At Least 100 Members.

15.   The provisions of CAFA apply to proposed class actions involving 100 individuals or more.  *See* 28 U.S.C. § 1332(d)(5)(B).  This requirement is met in this case.

16.   Plaintiffs brings their lawsuit on behalf of themselves and "all California residents who have worked as a First Student Bus Driver at any time within four (4) years from the date of filing this Complaint through the date of any judgment entered in this action (the 'Class')."  (Complaint, ¶ 25.)  Plaintiffs' Complaint limits the various subclasses they seek to certify to Class members who were employed at any time during the relevant period, or who are former employees who were employed at any time during the relevant period.  (Complaint, ¶ 26.)

17.   Defendant employed approximately 5,185 persons in the position of Driver, which was the position held by Plaintiffs (Complaint, ¶¶ 6-7), in the State of California from July 28, 2018 to September 1, 2022.  Thus, CAFA's requirement that the action involve 100 or more individuals is satisfied.

/ / /

/ / /

**C.    Defendant Is Not a Governmental Entity.**

18.    CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(A).

19.    Defendant First Student, Inc. is a corporation; thus, Defendant is not a state, state official, or other government entity exempt from CAFA.

**D.    There Is Diversity Between At Least One Putative Class Member and Defendant.**

20.    CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes and not the citizenship of the unnamed putative class members. *Snyder v. Harris*, 394 U.S. 332, 339-40 (1969). Additionally, for removal purposes, diversity must exist both at the time the action is commenced in state court and at the time removal is effected. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Minimal diversity of citizenship exists here because Plaintiffs are citizens of a different state than Defendant.

21.    For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place he resides with the intention to remain). Furthermore, allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Overholt v. Airista Flow Inc.*, No. 17cv1337-MMA (AGS), 2018 U.S. Dist. LEXIS 4705, at *10-11 (S.D. Cal. Jan. 10, 2018) (citations omitted).

22.    Here, at the time Plaintiffs commenced this action and at the time of removal, Plaintiffs both resided in the State of California, were both domiciled in the State of California and were both citizens of the State of California.  (*See* Complaint, ¶¶ 6-7 ["Plaintiff Germaine Scott is an individual who resides in Alameda, California . . . ."; Plaintiff Spynsir Tucker is an individual who resides in San Francisco, California…."]).

23.    For diversity purposes, a corporation "shall be deemed a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(l). Defendant First Student, Inc. is incorporated under the laws of the State of Delaware and pursuant to 28 U.S.C. section 1332(c)(1), is therefore a citizen of the State of Delaware.

24.    Defendant First Student, Inc. is also a citizen of the State of Ohio because a corporation is deemed to be a citizen of the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).  As clarified by the Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), Section 1332(c)(1)'s use of "the phrase 'principal place of business' refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities," *i.e.*, its "nerve center." *Id.* at 80-81.  Except in unusual circumstances, a corporation's corporate headquarters is its nerve center.  *Id.* at 93-94.

25.    Defendant First Student, Inc. has its corporate headquarters at 600 Vine Street, Cincinnati, Ohio. A majority of Defendant First Student, Inc.'s corporate decisions, including operational, executive, administrative, and policymaking decisions, are made from its Cincinnati, Ohio headquarters.  Defendant First Student, Inc.'s management and administrative functions are located in Cincinnati, Ohio, including human resources, finance, treasury, legal, payroll, and safety.  Defendant First Student, Inc.'s "nerve center" and, thus, its principal place of business, is located in Cincinnati, Ohio.  *See Hertz*, 559 U.S. at 92-93.

/ / /

26.    Accordingly, for purposes of diversity jurisdiction, Defendant First Student, Inc. is a citizen of the States of Delaware and Ohio, and not a citizen of the State of California.

27.    Accordingly, the named Plaintiffs are citizens of a State (California) different from Defendant (Delaware and Ohio), and diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

### E.    The Amount in Controversy Exceeds $5,000,000.

28.    The removal statute requires a defendant seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). In *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014), the Supreme Court recognized that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id.* "[T]he defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court diversity jurisdiction. *Id.* at 87-88.

29.    For purposes of determining whether the amount in controversy has been satisfied, the Court must presume that Plaintiffs will prevail on their claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability.")). The ultimate inquiry is the amount that is put "in controversy" by the allegations of a plaintiff's complaint, not what a defendant might actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants

"are still free to challenge the actual amount of damages in subsequent proceedings and at trial" because they are only estimating the amount in controversy).

30.     Defendants "may make mathematical calculations using reasonable averages of, for example, hourly, monthly, and annual incomes of comparable employees when assessing the amount-in-controversy." *Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC (RNBx), 2014 U.S. Dist. LEXIS 76351, at *6 (C.D. Cal. May 30, 2014) (citing *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148-49 (C.D. Cal. 2010)).

31.     In addition, defendants may assume violation rates of 100% in calculating the amount in controversy when, as here, the complaint does not allege a more precise calculation. *See, e.g.*, *Ritenour v. Carrington Mortgage Servs. LLC*, 228 F. Supp. 3d 1025, 1030 (C.D. Cal. 2017) ("Given the vague language of the Complaint and the broad definition of the class, it is reasonable for Defendants to assume a 100% violation rate."); *Thomas v. Aetna Health of Cal., Inc.*, No. 1:10-cv-01906-AWI-SKO, 2011 U.S. Dist. LEXIS 59377, at *64 (E.D. Cal. June 2, 2011); *Navarro v. Servisair, LLC*, No. C 08-02716 MHP, 2008 U.S. Dist. LEXIS 62513, at *21-23 (N.D. Cal. Aug. 14, 2008); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008); *Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325 FCD EFB, 2007 U.S. Dist. LEXIS 31515, at *8 (E.D. Cal. May 1, 2007) (a removing defendant is *not* obligated to 'research, state, and prove the plaintiff's claims for damages." (quoting *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)). These courts recognize "that imposing overly stringent requirements on a defendant to proving the amount in controversy would run the risk of essentially asking defendants to prove the plaintiffs' case." *Altamirano v. Shaw Indus., Inc.*, No. C-13-0939 EMC, 2013 U.S. Dist. LEXIS 84236, at *13 (N.D. Cal. June 14, 2013).

32.     A defendant is thus not obligated "to support removal with production of extensive business records to prove or disprove liability and/or damages with respect to plaintiff or the putative class members at this premature (pre-certification) stage of the

litigation." *Muniz*, 2007 U.S. Dist. LEXIS 31515, at *8 (citing *McGraw*, 863 F. Supp. 2d at 434); *see also Jones v. Tween Brands, Inc.*, No. 2:14-CV-1631-ODW (PLAx), 2014 U.S. Dist. LEXIS 56003, at *5-6 (C.D. Cal. Apr. 22, 2014) (finding defendant did not need to provide payroll data to support removal because defendant "is not required to meet such a high burden.") (citing *Muniz*, *supra*, 2007 U.S. Dist. LEXIS 31515, at *15); *Thomas*, *supra*, 2011 U.S. Dist. LEXIS 59377, at *64 ("[R]equiring Defendants to forecast an exact violation rate would essentially force a removing defendant to prove the plaintiff's case." (citing *Muniz*, 2007 U.S. Dist. LEXIS 31515, at *15)).

33.    Defendant denies the validity and merit of the entirety of Plaintiffs' claims, the legal theories upon which they are ostensibly based, and the claims for monetary and other relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiffs or the putative class or aggrieved employees are entitled to any damages or penalties whatsoever, it is readily apparent that the allegations of Plaintiffs' Complaint establish that the amount in controversy exceeds CAFA's jurisdictional minimum of $5,000,000.

34.    When, as here, the plaintiffs' complaint does not state the amount in controversy, the defendant's notice of removal may do so. *Dart*, *supra*, 574 U.S. at 83. Defendant's Notice of Removal must simply include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and "need not contain evidentiary submission." *Id.* at 84, 89.

### i.    Rest Period Violations

35.    Defendant is entitled to base its calculations, for purposes of calculating the amount in controversy, on the argument and allegations by Plaintiffs in their First Cause of Action alleging failure to provide rest periods. (Complaint, ¶¶ 29-37.) Plaintiffs' allege, "As a result of Defendant's failure to offer and/or provide Plaintiffs and members of the Class any rest breaks during their employment, Defendant has violated California Labor Code §226.7(b)-(c) and Wage Order No. 9, Plaintiffs and the Class members seek to recover the unpaid wages of two (2) 10-minute paid rest break

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

10

NOTICE OF REMOVAL TO FEDERAL
COURT

hours worked at their regular rate of pay for every workday they worked in excess of six (6) hours, plus a penalty of one hour's pay for each workday they were denied a rest period, together with plus attorney's fees, costs and interest." (Complaint, ¶ 37, underline emphasis added; *see also* Complaint, ¶ 36 ("Defendant did not offer or provide Plaintiffs or Class members with a rest break of any length during either their morning route or their afternoon route and, in fact, required Plaintiffs and the Class members to work continually through these routes with no rest break").)

36.    Between July 28, 2018 and September 1, 2022, Defendant's bus drivers worked more than 500,000 shifts over 3.5 hours, entitling them to at least one rest break. The average rate of pay for the drivers who worked these shifts was $22.84 per hour.

37.    Based solely on the one hour's pay for each workday they were denied a rest period, and relying on Plaintiffs' allegation that drivers were never permitted rest breaks, the amount in controversy reasonably includes a penalty for every shift worked of over 3.5 hours.  As such, the minimum amount in controversy for Plaintiffs' rest break claim is at least **$11,420,000.00** ($22.84 per hour X 500,000 shifts = $11,420,000.00).  This amount alone is sufficient to satisfy the amount in controversy requirement.

### ii.    Minimum Wage Claim

38.    Defendant is entitled to base its calculations, for purposes of calculating the amount in controversy, on the argument and allegations by Plaintiffs in their Second Cause of Action alleging failure to pay all minimum wages.  Plaintiffs allege that, "Because Defendant failed to pay Plaintiffs and Class members any wages for the approximately 1.7 to 2.5 hours of 'off-the-clock' pre-shift work they performed each week and the approximately 1.25 to 2.5 hours of 'off-the-clock' post-shift work they performed each week, Defendant failed to provide Plaintiffs and Class members with the required minimum wage for these hours. (Complaint, ¶ 42; see also ¶¶ 12-21.)

39.    Between July 28, 2018 and September 1, 2022, dates within the relevant time period alleged in the Complaint, Defendant employed approximately 5,185 bus

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

11

NOTICE OF REMOVAL TO FEDERAL
COURT

1   drivers in California.   These 5,185 bus drivers worked a combined total of

2   approximately 235,658 weeks during that time period.

3        40.   Using Plaintiffs' allegation that each driver worked a *minimum* of 1.7 pre-

4   shift hours 'off-the-clock' and a *minimum* of 1.25 post-shift hours 'off-the-clock' each

5   week, each driver worked a minimum of 2.95 hours (1.7 + 1.25) off-the-clock per week.

6   Using the 2018 California minimum wage rate of $11.00 an hour, the *minimum* amount

7   in controversy for Plaintiffs' minimum wage claim is **$7,647,102.10** (235,658 weeks X

8   2.95 hours per week X $11.00 minimum wage rate = $7,647,102.10).   This amount

9   alone is also sufficient to satisfy the amount in controversy requirement.

10        **iii.   The Aggregate Amount in Controversy Exceeds**

11           **$5,000,000**

12        41.   As set forth above, CAFA's amount in controversy requirement is satisfied

13   just by Plaintiffs' claims for rest period premiums and minimum wages.   The combined

14   amount in controversy on just those two claims is at least **$19,067,102.10.**

15        42.   Defendant's amount in controversy calculation do not take into account

16   any additional amount placed in controversy due to Plaintiffs' Third Cause of Action

17   for alleged failure to provide accurate wage statements, Fourth Cause of Action for

18   alleged failure to timely pay wages, or Plaintiffs' claim for attorneys' fees.   (*See*

19   Complaint, ¶¶ 44-55; Prayer for Relief.)

20        43.   Even without including many of Plaintiffs' claims in the valuation,

21   Plaintiffs' rest period and minimum wage claims place more than $5,000,000 in

22   controversy.   Removal of this action is therefore proper as the aggregate value of

23   Plaintiffs' class claims for statutory damages, statutory penalties, and attorneys' fees is

24   well in excess of the CAFA jurisdictional requirement of $5,000,000.   *See* 28 U.S.C. §

25   1332(d)(2).

26        44.   In light of the above, there is no question that Plaintiffs' claims exceed the

27   jurisdictional minimum.   Accordingly, the "amount in controversy" requirement under

28   CAFA is satisfied in this case.

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

12

NOTICE OF REMOVAL TO FEDERAL
COURT

## VI.    NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT

45.    Contemporaneously with the filing of this Notice of Removal, Defendant is filing a Notice to State Court and All Adverse Parties of Removal of Civil Action to Federal Court with the Clerk of the Superior Court of the State of California, County of San Francisco, attaching a copy of this Notice of Removal and all its Exhibits. *See* 28 U.S.C. § 1446(d).

46.    This Notice of Removal and the Notice to State Court and All Adverse Parties of Removal of Civil Action to Federal Court have also been served this day via email and first-class mail upon Plaintiffs' counsel of record: Mark R. Theirman, Joshua D. Buck, Leah L. Jones and Joshua R. Hendrickson, Theirman Buck LLP, 7287 Lakeside Drive, Reno, NV 89511; Ryan F. Stephan, James B. Zouras, and Teresa M. Becvar, Stephan Zouras, LLP, 100 Norther Riverside Plaza, Suite 2150, Chicago, IL 60606; and David J. Cohen, Stephan Zouras, LLP, 604 Spruce Street, Philadelphia, PA 19106.

47.    Defendant reserves all defenses, including defenses as to sufficiency of service of process, personal jurisdiction, and arbitration.

WHEREFORE, Defendant respectfully requests that the Complaint be removed and hereinafter proceed in the United States District Court for the Northern District of California.

Dated:  September 6, 2022

LITTLER MENDELSON, P.C.

/s/ David J. Dow
David J. Dow
Jocelyn D. Hannah
Attorneys for Defendant
FIRST STUDENT, INC.

4893-5797-3296.3 / 070991-1000

# EXHIBIT A

# EXHIBIT A

Mark R. Thierman, Cal SB# 72913
Joshua D. Buck, Cal SB# 258325
Leah L. Jones, Cal SB#276448
Joshua R. Hendrickson, Cal SB# 282180
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
Tel: (775) 284-1500
Email: mark@thiermanbuck.com
Email: josh@thiermanbuck.com
Email: leah@thiermanbuck.com
Email: joshh@thiermanbuck.com

Ryan F. Stephan (*Pro Hac Vice forthcoming*)
James B. Zouras (*Pro Hac Vice forthcoming*)
Teresa M. Becvar (*Pro Hac Vice forthcoming*)
STEPHAN ZOURAS, LLP
100 North Riverside Plaza, Suite 2150
Chicago, IL 60606
Tel: (312) 233-1550
Email: rstephan@stephanzouras.com
Email: jzouras@stephanzouras.com
Email: tbecvar@stephanzouras.com

David J. Cohen (*Pro Hac Vice forthcoming*)
STEPHAN ZOURAS, LLP
604 Spruce Street
Philadelphia, PA 19106
Tel: (215) 873-4836
Email: dcohen@stephanzouras.com

*Attorneys for Plaintiffs, all other similarly situated
and typical individuals, and the general public*

ELECTRONICALLY
**F I L E D**
Superior Court of California,
County of San Francisco

**07/28/2022**
**Clerk of the Court**
BY: KAREN VALDES
Deputy Clerk

**CGC-22-600961**

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| GERMAINE SCOTT and SPYNSIR TUCKER, for themselves, all other similarly-situated individuals, and the general public, | Case No.: |
| Plaintiffs, | **CLASS AND REPRESENTATIVE ACTION COMPLAINT, CCP § 382** |
| v. | 1) Rest Period Violations under the California Labor Code; |
| FIRST STUDENT, INC., | 2) Failure to Pay Minimum Wages in Violation of the California Labor Code; |
| Defendant. | |

3) Failure to Provide Accurate Wage Statements in Violation of the California Labor Code;
4) Failure to Timely Pay All Wages Due and Owing in Violation of the California Labor Code;
5) Unfair Business Practices; and
6) Private Attorneys General Act Violations

**JURY TRIAL DEMANDED**

1.     Plaintiffs GERMAINE SCOTT and SPYNSIR TUCKER ("Plaintiffs"), for themselves, all other similarly-situated and typical persons, and for the general public, hereby make the following allegations against FIRST STUDENT, INC. ("First Student" or "Defendant") concerning their acts and status upon actual knowledge and concerning all other matters upon information, belief and the investigation of their counsel, with each allegation being likely to have evidentiary support after a reasonable opportunity for further investigation and discovery:

**NATURE OF THE ACTION**

2.     First Student is a company that employs School Bus Drivers to provide student transportation services to schools around the country. Defendant typically assigns its Drivers to work a split-shift schedule that includes a morning route (driving an assigned route to pick-up children at their homes and take them to school), a split-shift break (free time in which Drivers have no work-related responsibilities and are not paid any wages) and an afternoon route (picking-up children from school and driving an assigned route to take them home).

3.     Plaintiffs are former First Student School Bus Drivers who bring this action to redress common policies and practices that violate the California Labor Law and the California Business and Professions Code by: (1) requiring First Student Drivers to engage in work-related activities before clocking-in for their morning route and after clocking-out of their afternoon route and failing to pay Drivers any wages for this work; and (2) failing to offer or provide First Student Drivers rest breaks during their workday.

**JURISDICTION AND VENUE**

4.     The Superior Court of the State of California, for the County of San Francisco, has original jurisdiction over the state law claims alleged herein pursuant to the California Constitution.

5.      Venue is proper in this Court because the Named Plaintiffs performed work for Defendant in this judicial District.

## **PARTIES**

6.      Plaintiff Germaine Scott is an individual who resides in Alameda, California and worked as an hourly-paid First Student School Bus Driver from a depot located in San Francisco, California from approximately August 2001 to June 2021. Plaintiff is personally familiar with, and has been personally affected by, the policies and practices described in this Complaint as a result of his employment with Defendant.

7.      Plaintiff Spynsir Tucker is an individual who resides in San Francisco, California and worked as an hourly-paid First Student School Bus Driver from a depot located in San Francisco, California from approximately July 2017 to July 2021. Plaintiff is personally familiar with, and has been personally affected by, the policies and practices described in this Complaint as a result of her employment with Defendant.

8.      First Student is a Delaware Corporation based in Cincinnati, Ohio.[1] First Student is "the largest student transportation service provider in North America, providing over 900 million student journeys a year to approximately 1,000 school districts."[2] Throughout the relevant period, First Student has owned and exercised operational control over all significant business functions relating to Plaintiffs and all of its Drivers, including: setting and implementing the compensation, hours of work, scheduling and timekeeping policies and practices at issue in this matter, providing training on these policies and practices, scheduling their school bus and charter work, tracking their work time and setting and paying their wages.

/ / /

---

[1] *See https://firststudentinc.com/about-us/* (accessed June 23, 2022).

[2] *See* EQT Infrastructure to acquire First Student and First Transit, the market leading providers of essential North American transportation services, for USD 4.6bn (Apr. 23, 2021), *https://www.prnewswire.com/news-releases/eqt-infrastructure-to-acquire-first-student-and-first-transit-the-market-leading-providers-of-essential-north-american-transportation-services-for-usd-4-6bn-301275719.html* (accessed June 23, 2022).

1

## STATEMENT OF COMMON FACTS

2      9.      Defendant employs hourly School Bus Drivers who transport children from home

3  to school and back each weekday from early September to mid-June. Among other things, First

4  Student's Drivers operate and maintain its vehicles, provide safe, high-quality transportation

5  services to its clients, perform pre- and post-trip vehicle inspections, complete written reports

6  concerning passengers, accidents and incidents and provide excellent customer service.

7      10.     Defendant maintains common compensation, hours of work, scheduling and

8  timekeeping policies and procedures for its hourly School Bus Drivers, who are typically assigned

9  to work approximately 30-35 hours each week, meaning that the unpaid pre-shift and post-shift

10 work sought in this action is owed at a straight-time rate, or at the very least a minimum wage rate.

11      11.     Defendant's common policies are applied state-wide:

12
            a.  Require all Drivers to perform all necessary safety checks and risk
13              assessments in their work area before they do any work;

14          b.  Require all Drivers to keep their work area clean and tidy at all times;

15          c.  Require all Drivers to properly care for all equipment;

16          d.  Require all Drivers to report and record all hours worked each workday
17              by the end of their next scheduled shift;

18          e.  Prohibit Drivers from editing their time records for any purpose other
                than to correct a mistake;
19
            f.  Prohibit First Student employees from instructing or encouraging
20              Drivers to work off the clock, but do no not prohibit Drivers from
21              working off the clock;

22          g.  Require all Drivers to arrive at work on time for each scheduled
                workday and provide that even one instance of tardiness may be
23              considered excessive; and

24
            h.  Impose a threat of disciplinary action up to, and including, termination
25              for any violation of these policies.

26  / / /

27

28

***Unpaid Pre-Shift Work***

12.     First Student assigns its Drivers a route start-time each day (*i.e.,* 6:30 a.m.) that represents the time they are expected to drive their vehicle out of their depot to begin their morning route. If a Driver does not drive his or her vehicle out of their depot by their scheduled route start-time, they are marked late and subject to progressive discipline up to, and including, termination.

13.     To begin their morning route on time, First Student Drivers must arrive at their depot at least 20-30 minutes early to perform work-related activities that include: walking from the parking lot to the dispatch office, waiting in line with other Drivers to receive their vehicle assignment and keys, walking back from the dispatch office to the parking lot to find their assigned vehicle, opening and warming-up their bus, starting-up their Zonar Systems Fleet Management tracking device ("Zonar"), using the Zonar Logs function to record their daily start-time for payroll purposes, and pulling their vehicle out of the depot to begin their route.

14.     Following this required procedure causes Defendant's Drivers to routinely record daily start-times that are at least 20-30 minutes after the time they actually started working each day, meaning that Defendant does not track – or pay its Drivers to perform – approximately 1.7 to 2.5 hours of pre-shift work each week.[3]

15.     Defendant knows its Drivers are performing unpaid pre-shift work, because it: sets Drivers' scheduled start-times, sets Drivers' pre-trip routine, including all tasks to be done, interacts with Drivers during their pre-trip routine, and trains Drivers that they may only log-in using their Zonar device after completing their daily pre-trip routine and immediately before pulling out of the parking lot to begin their route.

16.     Throughout their employment, Plaintiffs have spoken to other First Student Drivers about performing unpaid pre-shift work. Based on these discussions, Plaintiffs have learned that Defendant's failure to track time and pay wages for pre-shift work is a significant problem about which Drivers routinely complain, both among each other and to management.

/ / /

---

[3] For a period of time, Defendant instituted a policy to pay Drivers for 10 minutes of pre-trip and/or post-trip work performed each day, but the policy was inconsistently applied and eventually abandoned.

***Unpaid Post-Shift Work***

17.    As soon as they return their vehicle to the depot at the end of their route, First Student Drivers park their vehicle, turn off their vehicle, record their mileage, and use the Zonar Logs function to record their daily end-time for payroll purposes.

18.    After Defendant's Drivers are "off-the-clock" for payroll purposes, they are required to perform additional work-related activities that include: refilling their vehicle with gas, completing a post-trip inspection of their vehicle, shutting down and securing their Zonar device, walking from their parking space to the dispatch office, waiting in line to turn-in their keys and paperwork, turning-in their keys and any required paperwork (including seating charts, exception sheets, incident reports, disciplinary/infraction reports, and child behavior reports) to the dispatcher, and addressing any work-related issues their manager may raise.

19.    Following this required procedure causes Defendant's Drivers to record daily end-times that are at least 15-30 minutes before the time they actually finish working each day meaning that Defendant does not track – or pay its Drivers to perform – roughly 1.25 to 2.5 hours of post-shift work each week.

20.    Defendant knows its Drivers are performing unpaid post-shift work, because it: sets Drivers' post-trip routine, including all tasks to be done, interacts with Drivers during their post-trip routine, and trains Drivers that they must log-out using their Zonar device immediately after completing their daily post-trip routine on the bus, but before they leave the vehicle to complete the rest of their required work.

21.    Throughout their employment, Plaintiffs have spoken to other First Student Drivers about performing unpaid post-shift work. Based on these discussions, Plaintiffs have learned that Defendant's failure to track time and pay wages for post-shift work is a significant problem about which Drivers routinely complain, both among each other and to management.

***Failure to Provide Rest Breaks***

22.    Defendant schedules Drivers to work a split-shift schedule consisting of a morning route lasting a minimum of 3 hours and an afternoon route lasting a minimum of 3 hours. Routes

would often take longer to complete than scheduled because of traffic, road conditions, student behavioral or health issues, or bus maintenance problems.

23.    Defendant does not offer or provide Drivers with a rest break of any length during either their morning route or their afternoon route and, in fact, requires Drivers to work continually through these routes with no rest breaks.

## CALIFORNIA CLASS ACTION ALLEGATIONS

24.    Plaintiffs re-allege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

25.    Plaintiffs bring this action for themselves and, under California Code of Civil Procedure § 382, as a class action on behalf of the following similarly situated and typical persons:

> All California residents who have worked as a First Student School Bus Driver at any time within four (4) years from the date of filing this Complaint through the date of any judgment entered in this action (the "Class").

26.    The Class may be further subdivided into the following sub-classes of similarly-situated and typical individuals based upon the divergent statute of limitations period for various claims asserted herein (collectively "the Sub-Classes" or "Sub-Class Members"):

> Itemized Wage Statement Subclass: All Class members who were employed at any time during the relevant time period alleged herein.
>
> Waiting Time Penalties Subclass: All Class members who are former employees and who were employed at any time during the relevant time period alleged herein.

27.    Plaintiffs reserve the right to revise these definitions or propose any further appropriate sub-class(es) as needed in response to any facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

28.    Class treatment is appropriate in this action because:

a.    <u>The Class is Sufficiently Numerous</u>: Defendant has employed hundreds of people as School Bus Drivers in California during the relevant time period. Because Defendant must keep accurate payroll records for all of these employees, these records will permit identification of the Class members and demonstrate their numerosity. Moreover, the common

1    disposition of all Class members' claims by way of a class action will provide substantial benefits,

2    economies and savings to the parties and the court.

3            b.       Common Questions of Law and Fact Exist: Common questions of law and

4    and fact exist and predominate as to Plaintiffs and the Class members, including: whether

5    Defendant maintains common policies and practices of not offering and/or providing periods of

6    rest to its Drivers; whether Defendant maintains common policies and practices that do not allow

7    its Drivers to accurately record all of their pre- and post-shift work time; and whether Defendant

8    has knowingly failed to pay its Drivers all wages owed for the work they have actually performed.

9    The legality of Defendant's policies and practices will be determined by applying generally

10   applicable legal principles to common evidence.

11           c.       Plaintiffs' Claims are Typical of Those Belonging to the Class Members:

12   Plaintiffs worked for the same employer as the other Class members, held the same job as the other

13   Class members, performed the same work as the other Class members, worked the same schedule

14   as the other Class members, and were governed by the same policies and practices as the other

15   Class members. As such, Plaintiffs do not have any interests that conflict with the interests of the

16   other Class members.

17           d.       Plaintiffs Are Adequate Class Representatives: Plaintiffs will fairly and

18   adequately protect and represent the interests of the Class because they are members of the Class,

19   have issues of law and fact in common with the Class members, have interests that are not

20   antagonistic to the Class members, are committed to the vigorous prosecution of this lawsuit and

21   have retained counsel who are competent and experienced in the litigation of complex class action

22   matters.

23           e.       Predominance and Superiority: Class claims predominate, and a class

24   action is superior to other available means for the fair and efficient adjudication of the

25   controversies presented in this action, because Plaintiffs and the Class members have been harmed,

26   and are entitled to pursue recovery of their damages, by reason of Defendant's common, illegal

27   course of conduct. The relatively low value of the claims presented here will not result in the

28   prosecution of individual claims by the majority of Class members and, even if this occurred, the

1   prosecution of individual claims would tend to establish inconsistent standards of conduct for

2   Defendant and result in the impairment of Class members' rights and the disposition of their

3   interests through separate actions.

## FIRST CAUSE OF ACTION

### Rest Period Violations under the California Labor Code

### (On Behalf of Plaintiffs and All Class Members)

7   29.   Plaintiffs re-allege and incorporate by reference the allegations contained in the

8   preceding paragraphs as though fully set forth herein.

9   30.   Under California law, rest periods are considered hours worked for which

10  compensation must issue.

11  31.   California Labor Code § 226.7(b) provides: "An employer shall not require an

12  employee to work during a … rest or recovery period mandated pursuant to an applicable statute,

13  or … order of the [Industrial Welfare Commission]."

14  32.   California Labor Code § 226.7(c) provides: "If an employer fails to provide an

15  employee a … rest or recovery period in accordance with a state law … the employer shall pay the

16  employee one additional hour of pay at the employee's regular rate of compensation for each

17  workday that the … rest or recovery period is not provided."

18  33.   Wage Order No. 9 provides: "Every employer shall authorize and permit all

19  employees to take rest periods, which insofar as practicable shall be in the middle of each work

20  period. The authorized rest period time shall be based on *the total hours worked daily* at the rate

21  of ten (10) minutes net rest time per four (4) hours or major fraction thereof." IWC Wage Order 9-

22  2001, § 12 (emphasis added); Cal. Code Regs., 8 § 11090(12)(A). Like Section 226.7(c), Wage

23  Order No. 9 further requires an employer who fails to provide an employee a rest period in

24  accordance with the wage order's provisions to pay the employee one hour of pay at the employee's

25  regular rate of compensation for each workday the employer did not provide the employee with the

26  rest period. Cal. Code Regs., 8 § 11090(12)(B). The "regular rate of compensation" means the

27  employee's "regular rate of pay." *Ferra v. Loews Hollywood Hotel, LLC*, 11 Cal. 5th 858 (2021).

28

34.    The number of required rest breaks depends upon the total daily hours worked, as set forth below:

| Hours Worked | Number of 10 Minute Rest Breaks |
|---|---|
| 0 to 3:29 hours | 0 |
| 3:30 to 6 hours | 1 |
| 6:01 to 10 hours | 2 |

35.    Defendant scheduled Plaintiffs and the Class members to work a split-shift schedule consisting of a morning route lasting a minimum of 3 hours and an afternoon route lasting a minimum of 3 hours, in addition to requiring Plaintiffs and the Class members to perform roughly 35-60 minutes of "off-the-clock" pre-shift and post-shift work each day. Therefore, Plaintiffs and members of the class regularly worked in excess of six (6) hours per workday and were legally required to receive two (2) 10-minute paid rest breaks.

36.    Defendant did not offer or provide Plaintiffs or the Class members with a rest break of any length during either their morning route or their afternoon route and, in fact, required Plaintiffs and the Class members to work continually through these routes with no rest break.

37.    As a result of Defendant's failure to offer and/or provide Plaintiffs and members of the Class any rest breaks during their employment, Defendant has violated California Labor Code § 226.7(b)-(c) and Wage Order No. 9, Plaintiffs and the Class members seek to recover the unpaid wages of two (2) 10-minute paid rest break hours worked at their regular rate of pay for every workday they worked in excess of six (6) hours, plus a penalty of one hour's pay for each workday they were denied a rest period, together with plus attorney's fees, costs and interest.

## SECOND CAUSE OF ACTION

### Failure to Pay Minimum Wages in Violation of the California Labor Code

### (On Behalf of Plaintiffs and All Class Members)

38.    Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

39.    California Labor Code § 1194 provides that "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

40.    California Labor Code § 1197 empowers the Industrial Welfare Commission to fix the minimum wage and states that "the payment of a less wage than the minimum so fixed is unlawful."

41.    Section 4 of Wage Order No. 9 requires Defendant to pay its employees minimum wages for all hours worked.

42.    Because Defendant failed to pay Plaintiffs and Class members any wages for the approximately 1.7 to 2.5 hours of "off-the-clock" pre-shift work they performed each week and the approximately 1.25 to 2.5 hours of "off-the-clock" post-shift work they performed each week, Defendant failed to provide Plaintiffs and Class members with the required minimum wage for these hours.

43.    For Defendant's violation of California Labor Code §§ 1194 and 1197, Plaintiffs and the Class members seek their full minimum unpaid wages and civil penalties under Labor Code § 1197.1 and § 2699 including $100 for the first minimum wage violation and $250 for each subsequent minimum wage violation plus civil penalties under Labor Code § 558 including $50 for the first minimum wage violation and $100 for each subsequent minimum wage violation and liquidated damages under Labor Code § 1194.2(a) in an amount equal to their withheld wages plus interest.

## THIRD CAUSE OF ACTION

### Failure to Provide Accurate Wage Statements in Violation of the California Labor Code

### (On Behalf of Plaintiffs and All Itemized Wage Statement Sub-Class Members)

44.    California Labor Code § 226(a) requires employers to provide every employee with an accurate, itemized, written statement showing, among other things, the total hours each employee has worked in each pay period and the number of hours worked at each hourly rate.

45.     Defendant did not provide Plaintiffs or the Class members with a wage statement meeting the requirements of California Labor Code § 226(a), because it knowingly and intentionally maintained common policies and practices that prevented Plaintiffs and the Class members from tracking or recording any of the time they worked before their morning shift or after their afternoon shift for payroll purposes and failed to provide them with legally compliant rest breaks.

46.     Defendant did not provide Plaintiffs or the Class members with a wage statement meeting the requirements of California Labor Code § 226(a), because it knowingly and intentionally provided Plaintiffs and the Class members with common training that led them not to track or record any of the time they worked before their morning shift or after their afternoon shift for payroll purposes and failed to provide them with legally compliant rest breaks.

47.     Defendant's knowing and intentional failure to comply with California Labor Code § 226(a) resulted in the production of wage statements that did not include all of the hours Plaintiffs and the Class members actually worked, the rates of pay owed for those hours, or the rest breaks they were denied. These omissions prevented Plaintiffs and the Class members from knowing the total number of hours they actually worked each week, calculating the value of their correct wage payments, or pursuing recovery of the total wages and premium payments they should have earned.

48.     For Defendant's violation of California Labor Code § 226(a), Plaintiffs and the Class members seek injunctive relief requiring Defendant to provide legally-compliant wage statements, statutory damages of $50 per employee for the initial violation and $100 per employee for each subsequent violation under Labor Code § 226(e) and civil penalties of $250 per employee per violation under Labor Code § 226.3.

### FOURTH CAUSE OF ACTION

**Failure to Timely Pay All Wages Due and Owing in Violation of the California Labor Code**

**(On Behalf of Plaintiffs and All Waiting Time Penalties Sub-Class Members)**

49.     Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

50.    California Labor Code § 201(a) provides that, upon discharging an employee, the employer must immediately pay that (former) employee all wages earned and unpaid at the time of discharge.

51.    California Labor Code § 202(a) provides that, when an employee quits their position, all wages earned and unpaid must be paid within 72 hours.

52.    Defendant did not provide Plaintiffs or the Class members who are their former employees with separation wages as required by California Labor Code § 201(a) or § 202(a), because it knowingly and intentionally maintained common policies and practices that prevented Plaintiffs and the Class members from tracking or recording any of the time they worked before their morning shift or after their afternoon shift for payroll purposes, so did not pay – and still have not paid – any wages to any employee for this work, nor have they compensated Plaintiffs and the Class members wages or the premium payments for missed rest periods.

53.    Defendant did not provide Plaintiffs or any of the Class members who are their former employees with separation wages as required by California Labor Code § 201(a) or § 202(a), because it knowingly and intentionally provided Plaintiffs and the Class members with common training that led them not to track or record any of the time they worked before their morning shift or after their afternoon shift for payroll purposes, so did not pay – and still have not paid – any wages to any employee for this work.

54.    Defendant's knowing and intentional failure to comply with California Labor Code § 201(a) and § 202(a) has caused the Class members who are their former employees not to be timely paid the separation wages owed to them.

55.    For Defendant's violation of California Labor Code § 201(a) and § 202(a), Plaintiffs and the Class members who no longer work for Defendant each seek statutory damages measured by 30 days'-worth of wages under Labor Code § 203(a).

/ / /

1

2

3

## FIFTH CAUSE OF ACTION

### Unfair Business Practices

### (On Behalf of Plaintiffs and All Class Members)

4     56.     Plaintiffs re-allege and incorporate by reference the allegations contained in the

5     preceding paragraphs as though fully set forth herein.

6     57.     The Unfair Competition Law generally prohibits: "any unlawful, unfair or

7     fraudulent business act or practice." Bus. & Prof. Code § 17200. "Any business act or practice that

8     violates the Labor Code through failure to pay wages is, by definition, an unfair business practice."

9     *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 178 (2000).

10     58.     Earned wages and rest period premiums that are due and payable under the Labor

11     Code are recoverable as restitution under the UCL not only because those wages are property

12     belonging to the employee that have been unwillingly surrendered as the result of an unfair business

13     practice, but also because Defendant's failure to pay those wages unfairly decreased its labor costs

14     and provided it with an unfair advantage in competing with other companies that pay their

15     employees all earned wages in accordance with the Labor Code.

16     59.     Defendant violated the Labor Code, and thereby the UCL, by knowingly and

17     intentionally maintaining common policies and practices that prevented Plaintiffs and the Class

18     members from tracking or recording any of the time they worked before their morning shift or after

19     their afternoon shift for payroll purposes so did not pay any wages for this work.

20     60.     Defendant also violated the Labor Code, and thereby the UCL, by knowingly and

21     intentionally maintaining common policies and practices that failed to offer or provide Plaintiffs

22     and the Class members with legally compliant rest breaks.

23     61.     As a result, Plaintiffs and Class members seek injunctive relief requiring Defendant

24     to cease the business practices described in this Complaint and seek restitution of all wages owed

25     for the unpaid pre-shift and post-shift work, all their rest break wages, and all rest break premium

26     payments that are owed to Plaintiffs and the Class members. *Clark v. Superior Court*, 50 Cal. 4th

27     605, 610 (2010).

28     / / /

1

**SIXTH CAUSE OF ACTION**

2

**Private Attorneys General Act Violation**

3

**(On Behalf of Plaintiffs, Aggrieved Employees and the State of California)**

4

62.     Plaintiffs re-allege and incorporate by reference the allegations contained in the

5

preceding paragraphs as though fully set forth herein.

6

63.     Labor Code § 2699(a) states:

7

Notwithstanding any other provision of law, any provision of this

8

code that provides for a civil penalty to be assessed and collected by
the Labor and Workforce Development Agency or any of its

9

departments, divisions, commissions, boards, agencies, or
employees, for a violation of this code, may, as an alternative, be

10

recovered through a civil action brought by an aggrieved employee
on behalf of himself or herself and other current or former employees

11

pursuant to the procedures specified in Section 2699.3.

12

13

64.     Plaintiffs and all Class members who were employed by Defendant at any time

14

within one (1) year of the filing of the PAGA letter are "aggrieved employees" as that term is

15

defined in the California Labor Code Private Attorney General Act of 2004, because they are

16

current or former employees of the alleged violator and against whom one or more of the alleged

17

violations was committed.

18

65.     Pursuant to California Labor Code § 2699, *et seq*., Plaintiffs filed the requisite

19

letter with California's Labor Workforce Development Agency ("LWDA") on July 6, 2022.

20

66.     Plaintiffs bring this action on behalf of themselves and all aggrieved employees

21

who were subject to Defendant's failure to pay Plaintiffs and all aggrieved employees for all hours

22

they worked at the applicable minimum, regular, and overtime wage rate; its failure to comply

23

with California's meal and rest break laws; its failure to provide accurate wage statements; and

24

its failure to pay Plaintiffs and aggrieved employees who are former employees all their wages

25

due and owing upon termination.

26

67.     Plaintiffs, on behalf of themselves, and in a representative capacity on behalf of all

27

aggrieved employees, demand the maximum civil penalty specified in Labor Code § 2699 in the

28

amount of one hundred dollars ($100) for Plaintiffs and each aggrieved employee per period for

1   the initial violation and two hundred dollars ($200) per pay period for each subsequent violation

2   for violations of Labor Code §§ 201-204, 226, 226.7, 510, 1194, 1197, and 1198.

3       68.     These penalties are recoverable in addition to any other civil penalty separately

4   recoverable by law.

5                                    **JURY DEMAND**

6       Plaintiffs hereby respectfully demand a trial by jury on all issues so triable.

7                                  **PRAYER FOR RELIEF**

8       Wherefore Plaintiffs, individually, for all Class members and for the general public, hereby

9   pray for relief as follows relating to their class and representative action allegations:

10          a.      For an order certifying this action as a class action on behalf of the
11                  proposed Class and Sub-Classes;

12          b.      For an order appointing Plaintiffs as the Representatives of the Class
                    and Sub-Classes and for an order appointing their counsel as Class
13                  Counsel;

14          c.      For damages according to proof for their regular rate and/or
15                  minimum rate, whichever is applicable, for all hours worked under
                    state law;
16
            d.      For damages according to proof for all rest break wages at the
17                  regular rate of pay;

18          e.      For damages according to proof for all rest break premiums;
19
            f.      For liquidated damages;
20
            g.      For statutory penalties;
21
22          h.      For civil penalties;

23          i.      For waiting time penalties;

24          j.      For penalties pursuant to PAGA;

25          k.      For interest as provided by law at the maximum legal rate;
26
            l.      For reasonable attorneys' fees authorized by statute;
27
            m.      For costs of suit incurred herein;
28

1

2

3

n.   For pre- and post-judgment interest, as provided by law; and

o.   For such further relief as the Court may deem just and proper.

4

5

6

7

8

Dated: July 28, 2022                    /s/ *Leah L. Jones*
                                        THIERMAN BUCK LLP
                                        Mark R. Thierman
                                        Joshua D. Buck
                                        Leah L. Jones
                                        Joshua R. Hendrickson

9

10

11

12

                                        s/ *Ryan F. Stephan*
                                        STEPHAN ZOURAS, LLP
                                        Ryan F. Stephan (*PHV forthcoming*)
                                        James B. Zouras (*PHV forthcoming*)
                                        Teresa M. Becvar (*PHV forthcoming*)
                                        David J. Cohen (*PHV forthcoming*)

13

14

15

                                        *Attorneys for Plaintiffs, all other similarly
                                        situated and typical individuals and the
                                        general public*

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

# EXHIBIT B

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
08/05/2022
CT Log Number 542062534

## Service of Process Transmittal Summary

**TO:**     ANDREW PUGH
FIRSTGROUP AMERICA, INC.
600 VINE ST STE 1400
CINCINNATI, OH 45202-2426

**RE:**     **Process Served in California**

**FOR:**     FIRST STUDENT, INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: GERMAINE SCOTT and SPYNSIR TUCKER, for themselves, all other similarly situated individuals, and the general public // To: FIRST STUDENT, INC. |
| **CASE #:** | CGC22600961 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/05/2022 at 01:35 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  ANDREW PUGH  Andreww.Pugh@firstgroup.com |
| | Email Notification,  Amy Pucke  amy.pucke@firstgroup.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 877-564-7529 |
| | MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:**                    Fri, Aug 5, 2022
**Server Name:**             Jimmy Lizama

| Entity Served | FIRST STUDENT, INC. |
|---|---|
| Case Number | CGC-22-600961 |
| Jurisdiction | CA |

| Inserts |
|---|
| | | |



**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
First Student, Inc.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Germaine Scott and Spynsir Tucker, for themselves all other similarly-situated individuals, and the general public

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California, County of San Francisco, Civic Center Courthouse, 400 McAllister St. San Francisco CA 94012

**CASE NUMBER:** *(Número del Caso):*
**CGC-22-600961**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
Jean L. Jones, Joshua D. Buck, Mark R. Thierman, Joshua R. Hendrickson 7287 Lakeside Dr., Reno NV 89511, 775-284-1500

DATE:
*(Fecha)* 07/29/2022

Clerk, by *(Secretario)* **KAREN VALDES**

Deputy *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons. (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: First Student, Inc.
   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservate)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Joshua D. Buck, SB#12187, Mark R. Thierman SB#72913,
Leah L. Jones, SB# 276448, Joshua R. Hendrickson SB#282180
7287 Lakeside Dr.
Reno, NV 89511
TELEPHONE NO: 775-284-1500   FAX NO: 775-703-5027
ATTORNEY FOR *(Name):* Germaine Scott and Spynsir Tucker

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS: 400 McAllister St.
CITY AND ZIP CODE: San Francisco CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Scott et al. v. First Student, Inc.

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**07/28/2022**
**Clerk of the Court**
BY: KAREN VALDES
Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CGC-22-600961 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[✓] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 6
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 7/27/2022
Leah L. Jones
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**CM-010**

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-*
      *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

# NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | |
|---|---|
| **DATE:** | **DEC 28, 2022** |
| **TIME:** | **10:30 am** |
| **PLACE:** | **Department 610** |
| | **400 McAllister Street** |
| | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order   **without an appearance**   at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.   **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

(SEE LOCAL RULE 4)

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**



**Superior Court of California, County of San Francisco**
**Alternative Dispute Resolution**
**Information Package**



> The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

**WHAT IS ADR?**
Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to trial.

**WHY CHOOSE ADR?**
It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:
- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

<u>**\*\*Electing to participate in an ADR process does not stop the time period to respond to a complaint or cross-complaint\*\***</u>

**WHAT ARE THE ADR OPTIONS?**
The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

**1) MANDATORY SETTLEMENT CONFERENCES**
Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF),** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. BASF staff handles conflict checks and full case management. The success rate for the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

**(B) JUDICIAL MEDIATION PROGRAM** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

**(C) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

**(D) COMMUNITY BOARDS MEDIATION SERVICES:** Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

## 3) ARBITRATION

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

### (A) JUDICIAL ARBITRATION

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.1 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

### (B) PRIVATE ARBITRATION

Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
415-551-3869
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name *and address*) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:<br><br>ATTORNEY FOR *(Name)*: | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: _____<br><br>**DEPARTMENT 610** |
|---|---|

**1)   The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐   **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐   **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐   **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐   **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐   **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐30-90 days   ☐ 90-120 days   ☐ Other (please specify) _____

☐   **Other ADR process (describe)** _____

**2)   The parties agree that the ADR Process shall be completed by (date):** _____
**3)   Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

| | |
|---|---|
| _____<br>Name of Party Stipulating | _____<br>Name of Party Stipulating |
| _____<br>Name of Party or Attorney Executing Stipulation | _____<br>Name of Party or Attorney Executing Stipulation |
| _____<br>Signature of Party or Attorney | _____<br>Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐   *Additional signature(s) attached*

ADR-2   10/18                **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

POS-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Leah Jones, 276448<br>Thierman Buck LLP<br>7287 Lakeside,<br>Reno, NV 89511<br>**TELEPHONE NO.:** (775) 284-1500<br>**ATTORNEY FOR** *(Name)*: Plaintiff | **FOR COURT USE ONLY**<br><br>ELECTRONICALLY<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br><br>**08/26/2022**<br>**Clerk of the Court**<br>**BY: YOLANDA TABO-RAMIREZ**<br>**Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
Superior Court of California, San Francisco County
400 McAllister Street
San Francisco, CA 94102

PLAINTIFF/PETITIONER: Germaine Scott, et al.

DEFENDANT/RESPONDENT: First Student, Inc.

CASE NUMBER:
CGC-22-600961

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:

Summons, Complaint, Civil Case Cover Sheet, Notice Case Management Conference, Alternative Dispute Resolution Information Package

3. a. Party served:  First Student, Inc.

   b. Person Served: CT Corp - Diana Ruiz, Process Specialist - Person Authorized to Accept Service of Process

4. Address where the party was served:  330 North Brand Blvd, #700
   Glendale, CA 91203
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on  (date): 08/05/2022          (2) at  (time): 12:30PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   First Student, Inc.
   under: CCP 416.10 (corporation)

7. **Person who served papers**
   a. Name:     Jessica Brown
   b. Address:   One Legal - P-000618-Sonoma
                 1400 North McDowell Blvd, Ste 300
                 Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 40.00
   e I am:
      (3)  registered California process server.
         (i)  Employee or independent contractor.
         (ii)  Registration No.: 2019217220
         (iii) County:  Los Angeles

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date:  08/05/2022

Jessica Brown
(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 18678653

# EXHIBIT C

# EXHIBIT C

1   David J. Dow, Bar No. 179407
    ddow@littler.com
2   Jocelyn D. Hannah, Bar No. 224666
    jhannah@littler.com
3   LITTLER MENDELSON, P.C.
    501 W. Broadway, Suite 900
4   San Diego, California  92101.3577
    Telephone:    619.232.0441
5   Fax No.:       619.232.4302

6   Attorneys for Defendant
    FIRST STUDENT, INC.

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF SAN FRANCISCO

10

11  GERMAINE SCOTT and SPYNSIR TUCKER,          Case No.  CGC-22-600961
    for themselves, all other similarly-situated
12  individuals, and the general public,        **ANSWER TO CLASS ACTION
                                                COMPLAINT**
13                          Plaintiffs,
                                                ASSIGNED FOR ALL PURPOSES TO
14          v.                                  JUDGE HON.

15  FIRST STUDENT, INC.,                        Dept:      610

16                          Defendant.          Complaint Filed:   July 28, 2022

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

4854-0027-5247.1 / 070991-1000

Defendant FIRST STUDENT, INC. ("Defendant"), by and through its attorneys, Littler
Mendelson, P.C., answers the unverified Complaint (the "Complaint") of Plaintiffs GERMAINE
SCOTT and SPYNSIR TUCKER (herein "Plaintiffs") as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant
denies generally and specifically, conjunctively and disjunctively, each and every allegation of the
Complaint, and denies Plaintiffs have sustained, or will sustain any loss or damage in the manner or
amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof
on the part of Defendant. Without conceding that it has the burden of proof or persuasion, Defendant
also asserts the following separate and distinct affirmative defenses to the Complaint and each and
every alleged cause of action stated therein:

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to the Complaint and each claim therein.
By asserting these defenses, Defendant does not concede that it has the burden of production or proof
as to any affirmative defense asserted below. Defendant does not presently know all of the facts
concerning the conduct of Plaintiffs sufficient to state all affirmative defenses at this time. Defendant
reserves the right to seek leave of this Court to amend this Answer should they later discover facts
demonstrating the existence of additional affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each
and every alleged cause of action therein, fails to state facts sufficient to constitute a cause of action
upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

Defendant alleges that Plaintiffs lack standing to bring their claims as to all or a portion of the
claims alleged in the Complaint and therefore cannot adequately represent the putative class members
and/or aggrieved employees.

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

4854-0027-5247.1 / 070991-1000

2
ANSWER

**THIRD AFFIRMATIVE DEFENSE**

**(Violation of Due Process Rights)**

Defendant alleges that prosecution of a class action under the facts and circumstances of this case would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the Constitution of the State of California and the Constitution of the United States, including the Fourteenth Amendment.

**FOURTH AFFIRMATIVE DEFENSE**

**(Lack of Specificity)**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to allege special damages with requisite specificity

**FIFTH AFFIRMATIVE DEFENSE**

**(Breach of Duties Owed to Defendant)**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs' claims are barred by their own breach of duties owed to Defendant under California Labor Code §§ 2856 and 2859.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Consent)**

As a separate and distinct affirmative defense, Defendant alleges that if either Plaintiffs or any putative class member "worked" hours for which compensation was not paid, Defendant had no knowledge, or reason to know, of such "work" and such "work" was undertaken without the consent or permission of Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

**(*De Minimus*)**

As a separate and distinct affirmative defense, Defendant alleges that any time either Plaintiffs or the individuals they seek to represent spent on work-related activities for which compensation was otherwise due but was not paid was *de minimus* such that no compensation is owed.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

4854-0027-5247.1 / 070991-1000

3

ANSWER

As a separate and distinct affirmative defense, Defendant alleges that all or portions of the claims set forth in the Complaint are barred by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure §§ 338(a), 339, 340(a), California Business and Professions Code § 17208, and any other applicable statute of limitations.

### NINTH AFFIRMATIVE DEFENSE

**(Laches, Unclean Hands, Waiver and Estoppel)**

As a separate and distinct affirmative defense, Defendant alleges that all or portions of Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, and/or estoppel, including to the extent that Plaintiffs and/or putative class members failed to comply with Defendant's policies and procedures relating to rest periods, recording of time worked, or other employment-related policies relating to the allegations in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

**(Rest Periods Authorized, Permitted, Made Available, and Not Discouraged or Dissuaded)**

Defendant alleges that Plaintiffs and/or members of the putative class Plaintiffs purports to represent were provided with all rest periods required by statute, Wage Order, or administrative regulation, and further that Plaintiffs and/or members of the putative class Plaintiffs purport to represent have no right to a premium payment under California Labor Code section 226.7 or otherwise because, to the extent, if any, that any Plaintiff and/or putative class member did not take breaks, it was because s/he: (1) voluntarily failed to take breaks that were provided to him/her in compliance with California law; (2) chose not to take breaks that were authorized and permitted; (3) waived his/her right to breaks under California Labor Code section 512(a), the applicable Wage Order of the Industrial Welfare Commission or other applicable law; and/or (4) failed to follow Defendant's reasonable instructions with regard to breaks.  Defendant further alleges that Plaintiffs and members of the putative class were permitted to leave the premises during their breaks, and to the extent they did not do so, it was a voluntary choice.

### ELEVENTH AFFIRMATIVE DEFENSE

**(No Recovery for Alleged Waiting Time Penalties after Filing of this Action)**

Defendant alleges that Plaintiffs have failed to state facts sufficient to constitute a claim for

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

4854-0027-5247.1 / 070991-1000

4

ANSWER

waiting time penalties under California Labor Code section 203 to the extent that any person claiming such penalties did not resign or were not discharged prior to the filing of this action, or were employed by Defendant at the time this action was filed.

## TWELFTH AFFIRMATIVE DEFENSE

### (Accord, Satisfaction, Discharge, and Release)

Defendants allege that to the extent Defendants owed any duties or obligations to Plaintiffs or any of the employees they seek to represent, such duties or obligations have been fully performed, satisfied, discharged, or released and therefore some or all of the causes of action and/or legal theories alleged in the Complaint are barred by the doctrines of accord and satisfaction and/or signed release agreements/settlements.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Excessive Fines)

Defendant alleges that, to the extent Plaintiffs and/or the putative class seeks civil or statutory penalties, such claims violate the Fifth, Fourteenth and Eighth Amendments of the United States Constitution and also violate Article 1, sections 7 and 8 of the California Constitution, including the prohibition against excessive fines.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Bona Fide Dispute)

Defendant alleges that they paid Plaintiffs and the employees they seek to represent all wages owed to them within the appropriate time period and further allege there is a bona fide dispute as to whether any additional compensation is actually due to Plaintiffs and/or the employees they seek to represent, and if so, the amount due.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Injury)

Defendant alleges that Plaintiffs and the putative class members lack standing to sue pursuant to California Business & Professions Code §§ 17200 and 17204, and the California Private Attorneys' General Act, California Labor Code §§ 2698 et seq. ("PAGA"), as none of them is "aggrieved" nor

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

4854-0027-5247.1 / 070991-1000

1  has any of them suffered any injury in fact or lost money or property as a result of any allegedly

2  unlawful business practice of Defendant.

3  ### SIXTEENTH AFFIRMATIVE DEFENSE

4  **(No Compensation Owed for Alleged "Off-the-Clock" Work)**

5  Defendant alleges that any alleged "off-the-clock" hours worked by Plaintiffs and/or the

6  putative class they seek to represent are not compensable hours worked within the meaning of the

7  California Labor Code, the Wage Order(s), and/or other applicable law, and Plaintiffs' claims, as well

8  as those of the putative class, are further barred as to all "off-the-clock" hours worked of which

9  Defendant lacked actual or constructive knowledge and because Defendant's policies prohibited

10  Plaintiffs and/or other employees from working off-the-clock.

11  ### SEVENTEENTH AFFIRMATIVE DEFENSE

12  **(Failure to Accept Timely Payment of Final Wages Made Available)**

13  Defendant alleges that any claims for penalties pursuant to Labor Code section 203 are barred,

14  in whole or in part, to the extent that Plaintiffs and/or some, or all, of the putative class members

15  secreted or absented themselves to avoid payment of wages, thereby relieving Defendants of liability

16  for waiting time penalties under the California Labor Code, including but not limited to California

17  Labor Code sections 201, 202 and 203.

18  ### EIGHTEENTH AFFIRMATIVE DEFENSE

19  **(Substantial Compliance)**

20  Defendant alleges that Plaintiffs' claims – including but not limited to their claim for penalties

21  pursuant to Labor Code section 226 – are barred, in whole or in part, because Defendants substantially

22  complied with all applicable laws, statutes, regulations, and applicable Wage Orders.

23  ### NINETEENTH AFFIRMATIVE DEFENSE

24  **(Abatement)**

25  As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each

26  purported cause of action alleged therein, should be abated in the Court's discretion, and Plaintiffs and

27  the putative class should be required to pursue their administrative remedies with the California

28  Division of Labor Standards Enforcement, which has primary jurisdiction over their claims.

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

4854-0027-5247.1 / 070991-1000

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

As a separate and distinct affirmative defense, Defendant alleges that the alleged injuries to Plaintiffs and the putative class members were not proximately caused by any unlawful policy, custom, practice, and/or procedure promulgated and/or tolerated by Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Acts or Omissions of Plaintiffs)

As a separate and distinct affirmative defense, Defendant alleges that any loss or damage sustained by Plaintiffs and the putative class members, if any, were caused by the acts or omissions of Plaintiffs and the putative class, or persons other than Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Authorization)

As a separate and distinct affirmative defense, Defendant alleges that any unlawful or other wrongful acts of any person(s) employed by Defendant were outside of the scope of his or her authority and such act(s), if any, were not authorized, ratified, or condoned by Defendant, nor did Defendant know or have reason to be aware of such alleged conduct.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Waiver)

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each purported claim contained therein, is barred to the extent Plaintiffs and the putative class members, by their acts, conduct, and omissions, expressly or impliedly waived whatever rights they may have had against Defendant or misled Defendant regarding hours worked.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

As a separate and distinct affirmative defense, Defendant alleges that each purported cause of action in the Complaint, or some of the causes of action, are barred, or recovery should be reduced, pursuant to the doctrine of avoidable consequences.

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101-3577
619.232.0441

4854-0027-5247.1 / 070991-1000

7

ANSWER

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Satisfaction and Discharge)

As a separate and distinct affirmative defense, Defendant alleges that the claims alleged by Plaintiffs are barred because, without admitting that Defendant owed any duties or obligations to Plaintiffs and the putative class members, such duties or obligations have been fully performed, satisfied or discharged.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Equity)

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant because the principles of fairness and equity operate to bar the imposition of penalties under California Labor Code § 226.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained because, without admitting that any violation took place, Defendant alleges that any violation of the California Labor Code, or of a Wage Order of the Industrial Welfare Commission, was an act or omission made in good faith, and that in any participation in such acts, Defendant had reasonable grounds for believing that the act or omission was not a violation of the California Labor Code, or any Wage Order of the Industrial Welfare Commission.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Intentional or Willful Conduct)

As a separate and distinct affirmative defense, Defendant alleges that assuming, *arguendo*, that Plaintiffs and the putative class members are entitled to additional compensation, Defendant has not willfully or intentionally failed to pay any such additional compensation to Plaintiffs and the putative class members to justify any awards of penalties, fees, or liquidated damages.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

4854-0027-5247.1 / 070991-1000

8

ANSWER

cause of action set forth therein are barred because Plaintiffs and the putative class failed to timely and completely exhaust the requisite administrative remedies, statutory, and/or contractual remedies available to them, including under any applicable collective bargaining agreement, prior to commencing this action.

### THIRTIETH AFFIRMATIVE DEFENSE

#### (Bus. & Prof. Code Section 17200 –No Unfair, Unlawful, or Fraudulent Conduct)

As a separate and distinct affirmative defense, Defendant alleges that their business actions or practices were not unfair, unlawful, fraudulent, or deceptive within the meaning of California Business and Professions Code § 17200 *et seq.*

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### (Bus. & Prof. Code Section 17200 – Unconstitutional)

As a separate and distinct affirmative defense to the Complaint and to the cause of action therein for alleged violation of California Business and Professions Code § 17200 *et seq.*, Plaintiffs' claims (and those of the putative class) are barred because California Business and Professions Code § 17200 *et seq.* is unconstitutionally vague and overbroad and the manner in which Plaintiffs alleges that said statutes apply to Defendant's business practices constitutes a violation of Defendant's rights to substantive and procedural due process rights under the Fourteenth Amendment of the United States Constitution and under the California Constitution.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (Bus. & Prof. Code Section 17200 – Individual Inquires)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs and the putative class are barred from obtaining relief pursuant to their causes of action for violation of California Business and Professions Code § 17200 *et seq.* because California law does not permit representative actions where liability can only be determined through fact-intensive individualized assessments of alleged wage and hour violations.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

#### (Not Appropriate for Class Treatment)

As a separate and distinct affirmative defense, Defendant alleges that this suit may not be

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

4854-0027-5247.1 / 070991-1000

9

ANSWER

properly maintained as a class action because: (a) Plaintiffs have failed to plead and cannot establish the necessary procedural elements for class treatment; (b) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint; (c) common issues of fact or law do not predominate; to the contrary, individual issues predominate; (d) the named Plaintiffs' claims are not representative or typical of the claims of the putative class members; (e) the named Plaintiffs cannot fairly and adequately represent the interests of the putative class members; (f) the named Plaintiffs and alleged putative class counsel are not adequate representatives for the putative class members; and/or (g) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiffs and the putative class members..

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (Affirmative Defenses Apply to Each Class Member)

As a separate and distinct affirmative defense, Defendant opposes class certification and dispute the propriety of class treatment.  If the Court certifies a class in this case over Defendant's objections, then Defendant asserts the affirmative defenses set forth herein against each and every member of the certified class.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Class Action – Violates Due Process)

As a separate and distinct affirmative defense, Defendant alleges that the adjudication of the claims of the putative class through generalized class wide proof violates Defendant's due process rights and right to trial by jury guaranteed by the United States and California Constitutions.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (Offset)

As a separate and distinct affirmative defense, Defendant alleges that they are entitled to an offset against any relief due Plaintiffs and/or those persons she seeks to represent, based upon their respective wrongful conduct and/or monies owed to Defendant, including, but not limited to, any overpayments made to Plaintiffs and/or those persons she seeks to represent and any contractual damages and/or indemnity owed by Plaintiffs and/or those persons she seeks to represent as the result of their failure to perform their contractual obligations or overpayment for hours worked.

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

4854-0027-5247.1 / 070991-1000

10

ANSWER

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Prejudgment Interest)

As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

#### (After Acquired Evidence)

As a separate and distinct affirmative defense, Defendant alleges on information and belief that the Complaint is or may be barred and/or relief is or may be limited due to after-acquired evidence.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

#### (Res Judicata)

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each and every cause of action alleged therein is barred, in whole or in part, under the doctrines of res judicata and/or collateral estoppel based on prior settlements, waivers, releases, and/or judgments.

### FORTIETH AFFIRMATIVE DEFENSE

#### (Adequate Remedy at Law)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs and the putative class members are not entitled to equitable relief insofar as they have adequate remedies at law.

### FORTY-FIRST AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs and the putative class members have failed to exercise reasonable care to mitigate their damages, if any, and that if it is determined that they have the right to any recovery against Defendant, such recovery should be reduced and/or eliminated by such failure.

### FORTY-SECOND AFFIRMATIVE DEFENSE

#### (No Injury)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs and/or any of the other putative class members sustained no injury, as defined in Labor Code § 226(e)(2), from any

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

4854-0027-5247.1 / 070991-1000

alleged failure to provide wage statements in conformity with Labor Code § 226(a), from the alleged failure to maintain records pursuant to Labor Code § 1174 or from any other alleged violation of the California Labor Code.

### FORTY-THIRD AFFIRMATIVE DEFENSE

**(PAGA - Failure to Identify Other PAGA Allegedly "Aggrieved Employees")**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs lack standing to bring claims for civil penalties on behalf of themselves or any other allegedly "aggrieved employees" pursuant to the Private Attorneys' General Act, California Labor Code section 2698, et seq. ("PAGA") because they have failed to adequately identify either in the LWDA Notices or in the Complaint other allegedly "aggrieved employees."

### FORTY-FOURTH AFFIRMATIVE DEFENSE

**(PAGA - Fairness and Equity)**

As a separate and distinct affirmative defense, Defendant alleges that the principles of fairness and equity operate to bar the imposition of penalties under PAGA [Labor Code sections 2698, et seq.].

### FORTY-FIFTH AFFIRMATIVE DEFENSE

**(PAGA - Reduction in Penalties)**

As a separate and distinct affirmative defense, Defendant alleges that any penalties awarded against Defendant pursuant to the PAGA would be unjust, oppressive, and/or confiscatory such that if PAGA penalties are allowed, the amount of said penalties should be substantially reduced or eliminated pursuant to California Labor Code § 2699(e)(2) and/or as otherwise permitted by law.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

**(PAGA - Failure to Exhaust Administrative Remedies and Provide Proper Notification)**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs are not entitled to recovery of civil penalties on behalf of themselves or any allegedly "aggrieved employees" under the PAGA because they failed to adequately and properly exhaust their administrative remedies pursuant to Labor Code section 2699.3, including but not limited to by failing to set forth in sufficient detail the claims, specific facts and/or theories underlying the alleged violations and/or failing to specify the Labor Code sections purportedly at issue. *See Khan v. Dunn Edwards* (2018) 19

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

4854-0027-5247.1 / 070991-1000

12

ANSWER

Cal.App.5th 804, 809-810; *Williams v. Superior Court* (2017) 3 Cal.5th 531, 545 ["[a]s a condition of suit, an aggrieved employee acting on behalf of the state and other current or former employees must provide notice to the employer and the responsible state agency 'of the specific provisions of [the Labor Code] alleged to have been violated, including the facts and theories to support the alleged violation.'"]

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (PAGA – No Standing)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs and/or the allegedly "aggrieved employees" lack standing to sue pursuant to the PAGA, as Plaintiffs and/or the other employees are not "aggrieved" nor has any of them suffered any injury in fact or lost money or property as a result of any allegedly unlawful business practice of Defendant.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Intentional or Willful Misconduct)

As a separate and distinct affirmative defense, Defendants allege that any alleged failure to provide Plaintiffs and/or any of the allegedly "aggrieved employees" with wage statements in conformity with California Labor Code § 226(a), to pay Plaintiffs or any of them timely and properly, or assuming, *arguendo*, that Plaintiffs and the allegedly "aggrieved employees" are entitled to additional compensation, or any other alleged violation of the California Labor Code, Defendants have not willfully or intentionally failed to pay any such additional compensation to Plaintiffs and the allegedly "aggrieved employees" to justify any awards of penalties.

### FIFTIETH AFFIRMATIVE DEFENSE

### (PAGA – No Entitlement to a Jury Trial)

As a separate and distinct affirmative defense, Defendant alleges that neither Plaintiffs nor any of the allegedly "aggrieved employees" are entitled to a jury trial on Plaintiffs' PAGA claims because a claim under the PAGA is an action solely seeking PAGA penalties, which sounds in equity and thus may only be tried to a court.

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

4854-0027-5247.1 / 070991-1000

13

1

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

2

**(Labor Code § 2698, et seq. - No PAGA Representative Action)**

3      As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs and/or any

4   allegedly "aggrieved employees" purported claims are such that they cannot be tried on a

5   representative basis, including without limitation because such (1) a determination requires complex

6   and/or individualized factual issues, (2) penalties could not be calculated on a representative basis, (3)

7   any penalties that might be proved would not be identical for all allegedly "aggrieved employees", (4)

8   trying such a representative action would be unmanageable and (5) would be contrary to the legislative

9   intent of the PAGA.

10

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

11

**(Labor Code § 2699(a) - Duplicative Penalties)**

12      As a separate and distinct affirmative defense, Defendants allege that Plaintiffs and/or any

13   other allegedly "aggrieved employees" are not entitled to multiple recoveries of civil or other penalties

14   under the PAGA for the same underlying alleged violations.

15

**FIFTY-THIRD AFFIRMATIVE DEFENSE**

16

**(Labor Code § 2698, et seq. - Unconstitutionally Vague)**

17      As a separate and distinct affirmative defense, Defendants allege that the Complaint, and each

18   PAGA cause of action therein, is barred because the PAGA is unconstitutionally vague and overbroad

19   as applied to the facts and circumstances of this case.

20

**FIFTY-FOURTH AFFIRMATIVE DEFENSE**

21

**(Labor Code § 2698, et seq. - Unconstitutional Penalties)**

22      As a separate and distinct affirmative defense, Defendants allege that to the extent Plaintiffs

23   and/or any allegedly "aggrieved employees" seek civil penalties pursuant to the PAGA, such claims

24   violate the Fifth, Fourteenth and Eighth Amendments of the United States Constitution and also violate

25   Article 1, sections 7 and 8 of the California Constitution, including the prohibition against excessive

26   fines and punishment as applied to the facts and circumstances of this case. *See Timbs v. Indiana,* __

27   *S.Ct.* __, 2019 WL 691578 (U.S. Feb. 20, 2019) (Excessive Fines Clause of the Eighth Amendment

28   prohibits the government from imposing "excessive fines" as punishment); *c.f. United States v.*

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

4854-0027-5247.1 / 070991-1000

14

1  *Mackby*, 261 F.3d 821, 830 (9th Cir. 2001) (civil sanctions under False Claims Act should be analyzed

2  under "the Excessive Fines Clause because the sanctions represent a payment to the government, at

3  least in part, as punishment."); *City & Cty. of San Francisco v. Sainez*, 77 Cal. App. 4th 1302, 1321

4  (2000) (applying the prohibition of excessive fines to penalties imposed under California's Building

5  Code: "The law is settled that a civil penalty such as the one here, by virtue of its partially punitive

6  purpose, is a fine for purposes of the constitutional protection.").

7  **FIFTY-FIFTH AFFIRMATIVE DEFENSE**

8  **(PAGA - LWDA Retains Authority)**

9  As a separate and distinct affirmative defense, Defendants allege that any claims made by

10  Plaintiffs or any allegedly "aggrieved employees" for penalties occurring after the date of the "written

11  notice" provided to the LWDA pursuant to Labor Code § 2699.3 are barred because the LWDA, and

12  its departments divisions, commissions, boards, agencies, or employees retain the primary and

13  exclusive authority to investigate and cite a "person" (as defined by the PAGA) for future violations

14  not disclosed in the administrative exhaustion required by the PAGA.

15  **FIFTY-SIXTH AFFIRMATIVE DEFENSE**

16  **(PAGA - Separation of Powers)**

17  As a separate and distinct affirmative defense, Defendants allege that any claims based on

18  PAGA are barred, in whole or in part, because the prosecution of this matter as a representative action

19  under PAGA, and/or an award of penalties pursuant to the PAGA, would violate the constitutionally

20  based separation of powers doctrine by impermissibly usurping prosecutorial authority assigned to the

21  executive branch of government and impermissibly delegated by the PAGA to private attorneys

22  without essential safeguards, including continuing oversight or control by the executive branch.

23  **FIFTY-SEVENTH AFFIRMATIVE DEFENSE**

24  **(PAGA - Equal Protection)**

25  As a separate and distinct affirmative defense, Defendants allege that any claims based on the

26  PAGA are barred, in whole or in part, because the prosecution of this matter as a representative action

27  under PAGA, and/or an award of penalties pursuant to the PAGA, would violate the Equal Protection

28

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

4854-0027-5247.1 / 070991-1000

15

ANSWER

1   Clause of the United States and California Constitutions, as it arbitrarily and unjustly exempts certain

2   employers to the exclusion of others.  Labor Code § 2699.6.

3   ### FIFTY-EIGHTH AFFIRMATIVE DEFENSE

4   ### (PAGA – Due Process)

5   As a separate and distinct affirmative defense, Defendants allege that the award of penalties as

6   requested by Plaintiffs would violate Defendants' substantive and procedural due process rights (vis-

7   à-vis the Fourteenth Amendment of the United States Constitution and the Due Process and Equal

8   Protection Clauses in Article 1 of the California Constitution).  *See State Farm Mutual Automobile*

9   *Insurance Company v. Campbell*, 538 U.S. 408 (2003) or *People ex. rel. Lockyer v. R.J. Reynolds*, 37

10  Cal. 4th 707 (2005).

11  ### RESERVATION OF RIGHTS

12  Defendant hereby gives notice that it intends to rely on such other and further defenses as may

13  become available during discovery in this action and reserves the right to amend its answer to assert

14  any such defenses.

15  ### PRAYER FOR RELIEF

16  WHEREFORE, Defendant prays for judgment as follows:

17      1.      That Plaintiffs take nothing by reason of Plaintiffs' Complaint and that

18  judgment be rendered in favor of Defendant;

19      2.      That Defendant be awarded its costs of suit and attorneys' fees incurred in

20  defense of this action; and

21      3.      For such other and further relief as this Court deems just and proper.

22  Dated: September 2, 2022

23                                          LITTLER MENDELSON, P.C.

24

25                                          _____
                                            David J. Dow
26                                          Jocelyn D. Hannah

27                                          Attorneys for Defendant
                                            FIRST STUDENT, INC.
28

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

4854-0027-5247.1 / 070991-1000

16
ANSWER